IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TOM MEEKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-0779-SSA-CV-W-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Claimant Tom Meeks seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. He claims he became disabled beginning on February 15, 2002, and challenges the denial of benefits for the period between February 15, 2002, and March 9, 2004. The parties' briefs were fully submitted, and on April 30, 2007, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Tom Meeks was born in 1949. He has a high school education and formerly worked as a car detailer, warehouse worker and general laborer. He had a fairly steady work history prior to his heart attack and triple coronary bypass surgery in 2002. He also had surgery in 2002 to repair a shoulder injury that occurred when he fell shortly after his heart surgery. He testified that he continues to have fatigue, dizziness, headaches, poor memory and concentration, and poor sleep.

The Administrative Law Judge (ALJ) found Meeks had (1) coronary artery disease, status post myocardial infarction and coronary artery bypass grafting, and (2) degenerative changes of the right shoulder, status post surgical repair. The ALJ also found that claimant could do light, unskilled work such as a bench assembler, light cashier, or photo finisher.

In this request for judicial review, Meeks first asserts the ALJ erred by not giving controlling weight to the opinion of the treating cardiologist, Dr. Garg. Dr. Garg completed a questionnaire indicating that claimant had chest pain, shortness of breath, fatigue and weakness. He indicated that Meeks' symptoms were often severe enough to interfere with attention and concentration, and he would need unscheduled breaks every one to two hours for approximately 15 minutes of rest. He stated claimant could sit for two hours at a time, could stand for one hour, could occasionally lift ten pounds and frequently lift less than ten pounds. It was his opinion that Meeks would be absent from work an average of four days per month due to his impairments. On the question asking to what degree claimant could tolerate work stress, Dr. Garg checked that claimant was capable of low stress jobs.

The ALJ appears to have assumed that the answer to the stress question indicates claimant was capable of performing low stress jobs, without further consideration of the effect of physical stresses on claimant's condition. Further, the ALJ failed to articulate what weight was given to Dr. Garg's opinion or to explain why it was discounted and more weight was given to opinions by nonexamining and nontreating physicians.

The medical expert who testified at the hearing, and who had reviewed the medical records, basically agreed with Dr. Garg's assessment. The expert, however, felt Meeks could lift twenty pounds occasionally and ten pounds frequently, and did not believe the record supported a finding that claimant would miss four days of work each month.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)). In this case, the ALJ failed to set forth reasons, supported by the record, for not giving deference to the opinion of the treating cardiologist. She did not identify inconsistencies or a lack of acceptable clinical or diagnostic

3

data which would constitute substantial evidence on the record as a whole to support her decision.

Further, the ALJ's determination of residual functional capacity must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations. 20 C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001). Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her RFC. Lewis v. Barnhart, 353 F.3d at 646.

In this case, the ALJ made an RFC determination that appears to have been based on the opinions of nonexamining, nontreating physicians. The overall evidence does not support that decision. "For a claimant to qualify for work at any level, that claimant must have the ability to perform the tasks of employment on a daily basis." Hall v. Chater, 62 F.3d 220 (8th Cir. 1995). There is not substantial evidence on the record as a whole to show claimant has that ability, and to support the decision of the ALJ.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for an award of benefits for the relevant time.

Dated this 2nd day of May, 2007, at Jefferson City, Missouri.


                   William A. Knox

                   WILLIAM A. KNOX
                   United States Magistrate Judge